UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAMANTHA GARCIA, on behalf of S.S.

                Plaintiff,

         -against-

SOCIAL SECURITY ADMINISTRATION,

                Defendant.

25-CV-4618 (RA)

ORDER DIRECTING PAYMENT OF FEE OR AMENDED IFP APPLICATION

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff brings this action *pro se* on behalf of her minor child. To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees—a $350.00 filing fee plus a $55.00 administrative fee—or, to request authorization to proceed without prepayment of fees, submit a signed *in forma pauperis* ("IFP") application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff submitted an IFP application, but she did not answer the questions in relation to her own financial situation. Rather, she answered the questions as they relate to her child's financial situation. As Plaintiff is bringing this action on behalf of her child, she must answer the questions as they relate to her own financial situation. Because Plaintiff fails to supply sufficient information explaining any sources of income, her expenses, and how she pays those expenses, it is unclear whether she has sufficient funds to pay the filing fees for this action. The Court is therefore unable to make a ruling on Plaintiff's IFP application.

    Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit an amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 25-CV-4618 (RA), and address the deficiencies described above by providing facts to establish that she is unable to pay the filing

fees. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 5, 2025
         New York, New York

                                              _____
                                                       RONNIE ABRAMS
                                                 United States District Judge