UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
SAMANTHA G., obo, S.S.,

                         Plaintiff,         DECISION AND ORDER
                                            1:25-cv-04618-GRJ

         v.

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In November of 2018, Plaintiff Samantha G.[1] applied for Child

Supplemental Security Income benefits under the Social Security Act on

behalf of her son, S.S. ("Claimant"). The Commissioner of Social Security

denied the application.  Plaintiff, represented by Patterson Belknap Webb &

Tyler, LLP, Christopher Wilds, Esq., of counsel, commenced this action

seeking judicial review of the Commissioner's denial of benefits under 42

U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction

of a United States Magistrate Judge. (Docket No. 15).

This case was referred to the undersigned on March 4, 2026.

Presently pending is Plaintiff's Motion for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 18). For the following reasons, Plaintiff's motion is due to be granted and this case is remanded for further administrative proceedings.

## I.    BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on behalf of Claimant on November 27, 2018, alleging disability beginning May 31, 2017. (T at 53, 253-62).[2]

Plaintiff's application was denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on February 11, 2020, before ALJ Zachary Weiss. (T at 64-72). A second hearing was held on October 8, 2020, before the same ALJ. (T at 73-95).

ALJ Weiss issued a decision denying the application for benefits on March 30, 2021. (T at 50-63).  The Appeals Council denied Plaintiff's request for review on March 30, 2022. (T at 6-11).

Plaintiff commenced an action in the United States District Court for the Southern District of New York seeking judicial review.

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 13.

On August 14, 2023, the Honorable Barbara C. Moses, United States Magistrate Judge, ordered a remand for further administrative proceedings by stipulation of the parties. (T at 2609-2610).

A third administrative hearing was held on August 7, 2024, with a new ALJ, Angela Banks, presiding. (T at 2548-84). Plaintiff appeared *pro se* and testified. (T at 2567-83).

B.    *ALJ's Decision*

On April 25, 2025, ALJ Banks issued a decision denying the application for benefits. (T at 2528-40).

The ALJ noted that Claimant was a "newborn/young infant" on November 27, 2018, when the application was filed, and was an "older infant/toddler" at the time of the decision. (T at 2532).

The ALJ found that Claimant had not engaged in substantial gainful activity since the application date. (T at 2532).

The ALJ determined that Claimant's attention deficit hyperactivity disorder, GERD, asthma, and food aversion were severe impairments as defined under the Social Security Act. (T at 2532).

However, the ALJ found that Claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). (T

at 2533).  The ALJ also concluded that Claimant did not have an impairment or combination of impairments that functionally equaled the severity of the Listings. (T at 2534).

As such, the ALJ found that Claimant had not been under a disability, as defined under the Social Security Act, since the application date and was therefore not entitled to benefits. (T at 2540).

ALJ Banks's decision is considered the Commissioner's final decision. *See* 20 CFR § 404.984.

C.    *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on May 27, 2025. (Docket No. 1).  On October 17, 2025, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 18, 19). The Commissioner interposed a brief in opposition to the motion and in support of a request for judgment on the pleadings, on February 9, 2026. (Docket No. 22). On March 3, 2026, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 24).

## II.    APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.    Standard for Disability Claims for Children

To qualify for SSI benefits, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

The Social Security Regulations provide a three-step sequential analysis to determine whether a child is disabled and eligible for benefits. 20 C.F.R. § 416.924(a)-(d); *see Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004).

First, the ALJ considers whether the child is engaged in "substantial gainful activity." 20 C.F.R. § 416.924(b). Second, the ALJ determines whether the child has a "medically determinable impairment(s) that is severe," which is defined as an impairment that causes "more than minimal

functional limitations." *Id*. § 416.924(c). Third, if the child has a severe impairment(s), the ALJ must then decide whether the impairment meets or "medically" or "functionally" equals a disability listed in the regulatory "Listing of Impairments." Id. § 416.924(c), (d); *see also id*. at Part 404, Subpart P, App. 1.

To demonstrate functional equivalence, the child must exhibit a "marked" limitation in two of six functional domains described in the regulations, or an "extreme" limitation in one of the domains. 20 C.F.R. § 416.926a(a) (2017); *see Pollard*, 377 F.3d at 190.

The first five domains consider the child's ability to acquire and use information, attend and complete tasks, interact and relate with others, move about and manipulate objects, and care for himself. 20C.F.R. § 416.926a(b)(1)(i)-(v) (2017). The sixth domain considers the child's health and physical well-being. Id. § 416.926a(b)(1)(vi).

A child has a "marked" limitation when the impairment "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R.§ 416.926a(e)(2)(i) (2017). "'Marked' limitation . . . means a limitation that is 'more than moderate' but 'less than extreme.'" Id. An "'extreme'" limitation is present when the impairment

"interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." Id. § 416.926a(e)(3)(i).

### III.    DISCUSSION

As noted above, ALJ Banks determined that Claimant did not have an impairment or combination of impairments that that meets, medically equals, or functionally equals the severity of a listed impairment. (T at 2533-34). In reaching this conclusion, the ALJ specifically considered Listing 112.11 (Neurodevelopmental disorders). (T at 2533).

To meet or medically equal this Listing, a claimant must have extreme limitation of one, or marked limitation of two, of the following areas of mental functioning: understanding, remembering, and applying information; interacting with others; maintaining concentration, persistence, and pace; and adapting or managing oneself. (T at 2533).

The ALJ concluded that Claimant did not meet or medically equal the Listing because the Claimant had no more than mild impairment as to understanding, remembering, and applying information; mild limitation with respect to interacting with others; moderate impairment in his ability to maintain concentration, persistence, and pace; and moderate impairment in his ability to adapt or manage himself. (T at 2533-34).

To satisfy the functional equivalence standard, a claimant must have extreme limitation of one, or marked limitation of two, of the following domains of functioning: acquiring and using information; attending and completing tasks; interacting and relating to others; moving about and manipulating objects; caring for oneself; and health and physical well-being. (T at 2535).

The ALJ concluded that Claimant did not meet this standard because he had no limitation in moving and manipulating objects and less than a marked limitation in the other domains of functioning. (T at 2535).

Plaintiff offers several arguments in support of her request for reversal of the ALJ's decision, pointing to perceived gaps in the ALJ's analysis, errors in weighing the medical opinion evidence, and a failure to adequately develop the record.  For the following reasons, the Court finds remand is required because the ALJ did not satisfy her duty to develop the record.

*A. Duty to Develop the Record*

Social Security proceedings are non-adversarial and the ALJ is obliged "to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) (citation omitted).

The ALJ's duty to develop the record has been described as a "bedrock principle of Social Security law." *Batista v. Barnhart*, 326 F.Supp.2d 345, 353 (E.D.N.Y. 2004)(citing *Brown v. Apfel*, 174 F.3d 59 (2d Cir.1999)).

In this particular case, the ALJ's general duty to develop the record was enhanced for three reasons.

First, it is well-settled that where, as here, a claimant "proceeds pro se, the ALJ's duties are 'heightened.'" *Moron v. Astrue*, 569 F.3d 108, 113 (2d Cir.2009) (citing *Cruz v. Sullivan*, 912 F .2d 8, 11 (2d Cir.1990)).

The Court, in turn, must undertake a "searching investigation of the record" to ensure that the claimant received "a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." *Hankerson v. Harris*, 636 F.2d 893, 895 (2d Cir.1980) (internal quotation marks omitted).

"The reason for this added duty is obvious: claimants unassisted by skilled counsel are unlikely to call to the ALJ's attention all of the information which the ALJ should consider in evaluating the claim." *Molina v. Colvin*, No. 15-CV-8088 (JLC), 2016 WL 7388374, at *4 (S.D.N.Y. Dec. 20, 2016)(quotation omitted).

Second, the "duty is also enhanced when, as in this case, the claimant is a child." *Estrella o/b/o M.R.E. v. Berryhill*, No. 15 CV 6966 (CS)(LMS), 2017 WL 2693722, at *20 (S.D.N.Y. June 22, 2017); *see also Price ex rel. A.N. v. Astrue*, 42 F. Supp. 3d 423, 432 (E.D.N.Y. 2014)*; Encarnacion ex rel. George v. Barnhart*, No. 00-Civ-6597 (LTS) (THK), 2003 WL 1344903, at *2 (S.D.N.Y. Mar. 19, 2003)).

Third, courts in the Southern District of New York have consistently recognized that "an ALJ has a heightened duty to develop the record when a claimant asserts a mental impairment." *Gabrielsen v. Colvin,* No. 12-CV-5694 KMK PED, 2015 WL 4597548, at *4-5 (S.D.N.Y. July 30, 2015)(collecting cases).

In the present case, the record contains thousands of pages and numerous medical opinions, but no functional assessment from a medical professional who treated or examined Claimant. *See Flynn v. Comm'r of SSA*, 729 F. App'x 119, 122 (2d Cir. 2018)("The treatment provider's perspective would seem all the more important in cases involving mental health, which are not susceptible to clear records such as [x-rays] or MRIs. Rather, they depend almost exclusively on less discretely measurable factors, like what the patient says in consultations."); *see also Marinez v. Comm'r of Soc. Sec.,* 269 F. Supp. 3d 207, 216 (S.D.N.Y. 2017) (noting

11

that treating sources "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations.") (citing 20 C.F.R. § 416.927(c)(2)).

In addition, the record also lacks important school records, namely an assessment—typically in the form of a questionnaire—from Claimant's teacher(s) regarding the impact of his impairments on his functioning based on their opportunity to observe him over an extended period of time in a school setting. *See Cespedes ex rel. Cespedes v. Barnhart,* No. 00-Civ-8276 (GEL), 2002 WL 1359728, at *4 (S.D.N.Y. June 21, 2002)(noting that the applicable regulations place importance "upon school records as a source of documentary evidence of mental disorders in children"); *see also Estrella*, 2017 WL 2693722, at *21; *Sandra S. o/b/o V.S. v. Kijakazi*, No. 21-CV-6464L, 2023 WL 2042044, at *2 (W.D.N.Y. Feb. 16, 2023) ("Because the ALJ failed to complete the record with respect to V.S.'s academic performance, such that he was unable to reach a determination based on substantial evidence, remand is necessary. Indeed, courts have routinely remanded similar matters, even where the gap in school records or grade reports comprised only portion of the period under consideration.")

(collecting cases); *Price ex rel. A.N. v. Astrue*, 42 F. Supp. 3d 423, 434–35 (E.D.N.Y. 2014)("Although the IEPs from 2007 and 2008 are included in the record, these reports do not contain information relating to the Child's daily performance, nor do they contain teacher questionnaires or report cards, all of which the regulations deem necessary to a determination of disability.")

The ALJ's failure to fill these gaps is particularly impactful here, as the ALJ found all but one of the non-examining medical opinions non-persuasive (T at 2536-40) and the record strongly evidences that Claimant had significant behavioral and attentional challenges at school. (T at 541-42, 596, 2574, 2577, 2778, 2882, 2879, 2924, 2944, 2959, 2981, 2978-79, 058, 3300, 3433, 3449, 3453,3457, 3460, 3463, 3466, 3481, 3484, 3608, 4408).

A remand is, therefore, required for proper development of the record.

*B. Remand*

A court reviewing the denial of benefits may, in its discretion, remand a claim for further proceedings, or solely for the calculation of benefits. 42 U.S.C. § 405(g) (sentence four) (a reviewing court may enter, upon the pleadings and the administrative record, "a judgment affirming, modifying,

or reversing the decision of the Commissioner ... with or without remanding the cause for a rehearing").

The Court finds a remand required for further development of the record for the reasons outlined above.

The Court is mindful that Plaintiff first sought benefits more than seven (7) years ago. Delay "is harmful for any litigant, but particularly in connection with benefits for children, which are not to replace lost income, but to enable low-income families to afford special education, medical treatment, physical rehabilitation, early intervention services, and personal needs assistance for the child." *Nieves ex rel. Nieves v. Barnhart*, No. 02 Civ.9207, 2004 WL 2569488, at *10 (S.D.N.Y. November 12, 2004) (citing *Maldonado v. Apfel*, 55 F.Supp.2d 296, 297–98 (S.D.N.Y.1999)). In fact, "[t]he purpose of providing SSI benefits to children is to assist them while they are children." *Molina v. Barnhart*, No. 00 CIV. 9522, 2002 WL 377529, at *10 (S.D.N.Y. March 11, 2002).

As such, this Court exercises its discretion and directs that proceedings before the ALJ be completed within 120 days of the date hereof.  If the decision is a denial of benefits, then a final decision shall be rendered within 60 days of any appeal by Plaintiff.  *See Martinez v. Saul*,

No. 19-CV-6515 (BCM), 2021 WL 2588783, at *11 (S.D.N.Y. June 23, 2021).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 18) is GRANTED and this matter is remanded for further administrative proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment in favor of the Plaintiff and then close the file.


Dated: April 6, 2026                           s/ Gary R. Jones
                                               GARY R. JONES
                                               United States Magistrate Judge

15